# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JONATHON LAWRENCE                                                                                            PLAINTIFF

V.                                    NO: 5:05CV00231 JLH/HDY

DREW COUNTY DETENTION CENTER                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.       Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, on August 8, 2005, filed a *pro se* Complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, alleging that the Drew County Detention Facility ("DCDF") violated his constitutional rights by allowing him to shower only three times per week, and by failing to deliver his mail on Saturday. For the reasons set forth below, Plaintiff's claims should be dismissed.

### I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Defendant Drew County Detention Facility

The only Defendant named in Plaintiff's lawsuit is the DCDF. Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights. However, a jail is not a person or entity subject to suit under § 1983. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Accordingly, the DCDF must be dismissed as a party to this action. Because Plaintiff has identified no other defendants, his Complaint (docket entry #2) should be dismissed.

## III.  Plaintiff's Claims

Even if Plaintiff were to amend his Complaint to name an individual subject to suit, his claims should still be dismissed. Plaintiff makes two allegations in his Complaint: (1) his constitutional rights are being violated because he is allowed to shower only on Mondays, Wednesdays, and Fridays, and (2) his constitutional rights are violated by the failure of the DCDF to deliver his mail on Saturday. Simply put, neither of Plaintiff's allegations, even if true, amount

3

to constitutional violations.

*(1) Showers*

Plaintiff's first contention is that he is allowed to shower only on Mondays, Wednesdays and Fridays. Plaintiff alleges that this practice violates the rules of the DCDF. However, the language used in the rules Plaintiff has attached to his Complaint says nothing of establishing a right to a daily shower, but rather appears to outline inmate behavior and hygiene requirements of the DCDF. A response to an inmate request form Plaintiff submitted indicates that the practice at the facility is to require showers only three times per week. The Court is not convinced this apparent inconsistency states a constitutional claim. Plaintiff further argues the shower system is unsanitary, but has failed to allege that he was injured in some way from this restriction. Additionally, the Eighth Circuit has determined that a more restrictive shower schedule was not an Eighth Amendment violation. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(inmate was allowed two showers per week while on investigative status for 35 days). Other Courts have reached similar results. *See Cosby v. Purkett*, 782 F.Supp. 1324, 1329 (E.D. Mo. 1992)(inmates allowed one shower every 72 hours in administrative segregation); *Heitman v. Gabriel*, 524 F.Supp 622, 628 (W.D. Mo. 1981)(twice weekly shower system not in itself a denial of specific rights).[1] Thus, a limitation of three showers per week is not in itself a constitutional violation.

*(2) Saturday mail delivery*

Plaintiff also asserts that the DCDF's failure to deliver his mail on Saturdays constitutes a constitutional violation. However, absent claims of intentional delay, mere delay in delivery of

---

[1] It is unclear whether Plaintiff was a pre-trial detainee, or was serving a sentence after conviction. It appears that only the *Heitman* case cited above involved any pre-trial detainees. However, nothing in the other cases indicates the same reasoning would not apply in this case, regardless of Plaintiff's status.

prisoner mail, especially any delay that occurs over the weekend, is not unreasonable, and thus fails to raise a constitutional question. *Valient-Bey v. Morris*, 829 F.2d 1441, 1444 n. 5 (8th Cir. 1987). Therefore, Plaintiff's mail complaints do not raise to the level of a constitutional violation.

### IV. Conclusion

It is apparent that Plaintiff's allegations regarding his shower schedule and mail delays, even if true, do not state a constitutional violation. Therefore, even if he were to amend his Complaint to include a Defendant who is subject to suit, his Complaint should still be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

3. Dismissal of this action count as a "strike," pursuant to 28 U.S.C. § 1915(g), for failure to state a claim upon which relief may be granted.

DATED this ___16___ day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE